IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carnell Pinckney, | Civil Action No.: 2:22-CV-1942-BHH-MGB |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **(JURY TRIAL DEMANDED)** |
| Preferred Home Services, LLC, and Gary Peterson, | |
| Defendants. | |

The Plaintiff above named, complaining of the acts of the above-named Defendants, states as follows:

PARTIES AND JURISDICTION

1.    Plaintiff, Carnell Pinckney ("Plaintiff"), is a resident and citizen of the County of Charleston, State of South Carolina.

2.    Upon information and belief, the Defendant Preferred Home Services, Inc., ("Preferred") is a limited liability corporation doing business and maintaining offices and agents in the County of Charleston, State of South Carolina.

3.    Upon information and belief, Defendant Gary Peterson, ("Peterson") is a resident and citizen of the County of Charleston, South Carolina.

4.    This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e ("Title VII"), and 42 U.S.C. §1981.

5.    This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6.    Venue for all causes of action stated herein lies in the District of South Carolina, Charleston Division pursuant to 28 U.S.C. § 1391(b), in that the Plaintiff and Peterson reside in the district,

Preferred does business in the district, and a substantial part of the events giving rise to Plaintiff's claims occurred in the district.

7. Preferred is an employer with 15 or more employees and otherwise subject to Title VII.

8. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC") alleging discrimination based upon color, race, and national origin. Plaintiff's charge of discrimination also included an allegation of retaliation.

9. On or about June 8, 2022, Plaintiff received a right to sue notice from the EEOC regarding the complaint described above.

10. That Plaintiff timely filed the foregoing action within ninety (90) days of the date on which he received the notice of right to sue described above.

11. Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of this action.

12. Plaintiff is a black American and identifies as Gullah-Geechee, a descendant of Africans who lived in the south eastern United States. The Gullah-Geechee are a recognized cultural group of people with distinctive art, food, music, language, and dialect.

13. In or around November 2017, Plaintiff was hired by Preferred as a plumbing technician by way of an offer of employment made by the Vice-President of Defendant, Chris DiCampli ("DiCampli"). Plaintiff's supervisor at the time of his hire was Shawn Coley ("Coley").

14. Under the supervision of Coley, Plaintiff had not received any disciplinary actions and was a model employee.

15. In or around December 2019, Gary Peterson ("Peterson") became Plaintiff's direct supervisor.

16. Throughout Plaintiff's employment, Peterson would constantly ridicule and berate Plaintiff due to Plaintiff's race and national origin. Peterson would mock Plaintiff's accent and purposefully mispronounce Plaintiff's name in an effort to demean and embarrass Plaintiff.

17. Peterson would berate, demean, and mock Plaintiff in the presence of Preferred employees, including supervisors in various settings, including team meetings. Plaintiff reported Peterson's behavior to his supervisors and Peterson's behavior was well-known to others of Preferred, including DiCampli.

18. Plaintiff's reports were not investigated or otherwise addressed by Preferred. Instead, Peterson continued his demeaning behaviors against Plaintiff. Plaintiff was mistreated, intimidated, retaliated against, and subjected to a hostile work environment by Defendants.

19. In response to and in retaliation for Plaintiff's objections to Peterson's actions and Plaintiff's reports of Peterson's discriminatory behavior, Peterson began assigning Plaintiff to "low-value" service calls in an effort to cause Plaintiff's sales numbers to be reduced.

20. Peterson also began a campaign of only assigning Plaintiff to black clients or addresses where a majority of the residents were black or non-white.

21. Defendants further retaliated against Plaintiff by refusing to approve Plaintiff's requests to participate in the employer-sponsored training courses and certification programs that were afforded to other employees.

22. Defendants further retaliated against Plaintiff by placing him on a performance improvement plans ("PIP"). Plaintiff did not object to being placed on "PIPs" because he was told

these plans were not disciplinary tools and were not part of Preferred's progressive discipline policy.

23.    Defendants further retaliated against Plaintiff by failing to utilize its progressive discipline policy when if came to Plaintiff.

24.    On or about March 25, 2021, Defendants further retaliated against Plaintiff by terminating his employment with Preferred.  Defendants claim Plaintiff was terminated for "Repeated Poor Performance and not upholding Core Value of Professionalism."

25.    Defendants' stated reason for its decision to terminate Plaintiff's employment was a pretext for terminating Plaintiff due to his race, color, national origin, and in retaliation for engaging in a protected activity.  Other employees committed similar or more egregious acts and were not terminated.

26.    Throughout Plaintiff's employment with Preferred, other employees made racist and racially offensive jokes, comments, and statements.

<u>FOR A FIRST CAUSE OF ACTION</u>
<u>VIOLATION OF TITLE VII</u>
<u>DISCRIMINATION BASED ON RACE/COLOR/NATIONAL ORIGIN</u>

27.    Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

28.    Plaintiff is a black American and identifies as Gullah-Geechee.

29.    Defendants discriminated against Plaintiff based on Plaintiff's race, color, and/or national origin.

30.    Defendants treated Plaintiff differently that other employees outside of his protected class.

31. Other employees outside of Plaintiff's protected class were not disciplined for engaging in similar conduct as Plaintiff.

32. Other employees outside of Plaintiff's protected class were not given PIPs for engaging in similar conduct as Plaintiff.

33. Defendants intentionally failed to investigate Plaintiff's claims of discrimination, hostile work environment and retaliation.

34. Plaintiff's supervisors intentionally failed to address Plaintiff's complaints regarding race discrimination due to Plaintiff's race.

35. Plaintiff was subject to discrimination and discharged in Violation of Title VII.

36. At the time Plaintiff was discharged from his employment, he was performing the functions of his employment in a matter which met his employer's expectations.

37. As a result of Defendants' actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

38. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and he is entitled to recover punitive damages from the Defendants.

FOR A SECOND CAUSE OF ACTION:
VIOLATION OF TITLE VII
RETALIATION

39.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

40.     That as alleged above, Plaintiff complained to Preferred on several occasions that he was being subjected to discrimination and a hostile work environment based on his race, color and national origin.

41.     That Plaintiff's complaints were made in good faith, and constitute protected activity under Title VII.

42.     Subsequent to and in retaliation for Plaintiff making complaints, Defendants created and continued to allow Plaintiff's work environment to be hostile.

43.     That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

44.     Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

FOR A THIRD CAUSE OF ACTION:
VIOLATION OF TITLE VII
HOSTILE WORK ENVIRONMENT

45.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

46. During Plaintiff's employment, he was subjected to unwelcome racially and culturally offensive jokes, comments, and statements made by Peterson.

47. Peterson's conduct as described above was unwelcome.

48. The harassment described above was based on Plaintiff's race, color, and national origin.

49. Plaintiff was subject to additional harassment described above because Plaintiff made complaints about discrimination and retaliation.

50. Peterson's behavior humiliated Plaintiff, unreasonably interfered with his work performance, affected the terms, conditions, and privileges of his employment and otherwise caused Plaintiff severe psychological and physical harm.

51. The hostile environment was sufficiently severe and pervasive to alter the conditions of his employment. Specifically, Defendants knew about, created, cultivated, and allowed the work environment to be hostile to Plaintiff based on his race, color, national origin, and in retaliation for making complaints protected under Title VII.

52. In further creating a hostile work environment Defendants made an example out of Plaintiff by terminating Plaintiff's employment in retaliation for engaging in activity protected under Title VII.

53. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

54. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendants.

FOR A FOURTH CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. 1981
DISCRIMINATION

55. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

56. Plaintiff is a black American and identifies as Gullah-Geechee.

57. Defendants discriminated against Plaintiff based on Plaintiff's race, color, and/or national origin.

58. Other employees outside of Plaintiff's protected class were not disciplined for engaging in similar conduct as Plaintiff.

59. Other employees outside on Plaintiff's protected class were not given PIPs for engaging in similar conduct as Plaintiff.

60. Plaintiff was placed on PIPs and terminated because of his race, color, and/or national origin.

61. But for Plaintiff's race or color, he would not have been subject to the adverse employment actions described above.

62. Preferred intentionally failed to investigate Plaintiff's claims of discrimination, hostile work environment and retaliation.

63. Plaintiff's supervisors intentionally failed to address Plaintiff's complaints regarding race discrimination due to Plaintiff's race.

64. Plaintiff was subject to discrimination and discharged in Violation of Title VII.

65. At the time Plaintiff was discharged from his employment, he was performing the functions of his employment in a matter which met his employer's expectations.

66. As result of Defendants' actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

67. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and he is entitled to recover punitive damages from the Defendants.

<u>FOR A FIFTH CAUSE OF ACTION:</u>
<u>VIOLATION OF 42 U.S.C. 1981</u>
<u>RETALIATION</u>

68. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

69. That as alleged above, Plaintiff complained to Preferred on several occasions that he was being harassed and discriminated against because of his race.

70. That Plaintiff's complaints were made in good faith, and constitute protected activity under 42 U.S.C. §1981.

71. Subsequent to and in retaliation for Plaintiff making complaints, Preferred continued to allow Plaintiff's work environment to be hostile.

72. Preferred terminated Plaintiff's employment in retaliation for engaging in activity protected under 42 U.S.C. §1981.

73.    That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

74.    Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

<u>FOR A SIXTH CAUSE OF ACTION:</u>
<u>VIOLATION OF 42 U.S.C. 1981</u>
<u>HOSTILE WORK ENVIRONMENT</u>

75.    Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

76.    During Plaintiff's employment, he was subjected to unwelcome racist and racially offensive jokes, comments, and statements made by Defendant and Defendant's employees.

77.    Defendants' conduct as described above was unwelcome.

78.    The harassment and hostile work environment described above was because of Plaintiff's race.

79.    Plaintiff was subject to additional harassment described above because Plaintiff made complaints about race discrimination and retaliation.

80.    But for Plaintiff's race, Defendants would have properly investigated Plaintiff's complaints, and would not have allowed the hostile environment to continue in the Subject Store.

81.    In further creating a hostile work environment Defendants made an example out of Plaintiff by terminating Plaintiff's employment in retaliation for engaging in activity protected under 42 U.S.C. §1981.

82.    Defendants' behavior humiliated Plaintiff, unreasonably interfered with his work performance, affected the terms, conditions, and privileges of his employment and otherwise caused Plaintiff severe psychological and physical harm.

83.    The hostile environment was sufficiently severe and pervasive to alter the conditions of his employment.  Specifically, Preferred knew about, created, cultivated, and allowed Plaintiff's work environment to be hostile.

84.    That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

85.    Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendants.

FOR A SEVENTH CAUSE OF ACTION<br>CIVIL CONSPIRACY

86.    Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

87.    Defendants, in combination with other persons, combined to injure the Plaintiff by way of the unlawful acts described in the Paragraphs above by unlawful means by allowing employees to

engage in acts outside the course and scope of their employment that caused injury to Plaintiff. These acts include, but are not limited to, Defendants conspiring with others to create a hostile work environment, discriminate against Plaintiff, and cause Plaintiff to be terminated from his employment because Plaintiff is a black American and identifies as Gullah-Geechee.

88.     Defendants, in combination with other persons, combined to injure the Plaintiff through lawful acts by unlawful means by allowing employees to engage in acts outside the course and scope of their employment that caused injury to Plaintiff.  These acts include, but are not limited to, Defendants conspiring with others to cause Plaintiff not to be able to meet his sales goals by only assigning him "low value" service calls.

89.     The acts of Defendants and their conspirators were undertaken for the specific and intentional purpose of harming Plaintiff.

90.     As a result of Defendants' actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

91.     Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, and maliciously.  Therefore, Plaintiff is entitled to recover punitive damages from Defendants.

FOR AN EIGHTH CAUSE OF ACTION<br>NEGLIGENT SUPERVISION

92.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

93.    Preferred failed to properly supervise its employees who intentionally caused harm to Plaintiff by creating a hostile environment, retaliating against Plaintiff, and discriminating against Plaintiff while on Preferred's premises.  Such harm included, but is not limited to, Preferred's employees berating Plaintiff, ridiculing Plaintiff's accent, limiting Plaintiff's ability to earn a living, and denying Plaintiff's participation in employer sponsored programs.

94.    Preferred knew or had reason to know it had the ability to control its employees and prevent Plaintiff from being subjected to discrimination, retaliation, and a hostile environment.

95.    Preferred knew or had reason to know of the necessity and opportunity to exercise control of the employees that were subjecting Plaintiff to discrimination, retaliation, and a hostile environment.

96.    As a result of Preferred's actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

97.    Preferred's actions as set forth above were undertaken negligently, willfully, wantonly, recklessly, and maliciously.  Therefore, Plaintiff is entitled to recover punitive damages from Preferred.

FOR A NINTH CAUSE OF ACTION<br>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

98.    Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

99.    By purposefully berating, demeaning, and mocking Plaintiff in the presence Preferred

employees, including supervisors in various settings, including team meetings, Defendants intentionally and recklessly inflicted severe emotional distress on Plaintiff, or was certain, or substantially certain, that such distress would result from his conduct.

100.    By willfully allowing Peterson to berate, demean, and mock Plaintiff in the presence Preferred employees, including supervisors in various settings, including team meetings, Defendants intentionally and recklessly inflicted severe emotional distress on Plaintiff, or was certain, or substantially certain, that such distress would result from his conduct.

101.    The conduct of Defendants was so extreme and outrageous that it exceeded all possible bounds of decency, was atrocious, and is utterly intolerable in a civilized community.

102.    Defendant's conduct caused Plaintiff to suffer extreme and severe emotional distress such that no reasonable person could be expected to endure it.

103.    As a direct and proximate result of the actions of Defendant, Plaintiff sustained damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

WHEREFORE, Plaintiff requests a jury trial for each cause of action and Plaintiff prays for the following relief against Defendants: for such amount of actual and special damages as the trier of fact may find, (including lost back and future wages, income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and physical and personal

injuries), punitive damages, the cost and disbursements of this action, including reasonable attorneys' fees, prejudgment interest and for such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED,

GAFFNEYLEWIS LLC

s/ *Emmanuel J. Ferguson, Sr.*
Emmanuel J. Ferguson, Sr.
Federal Bar #11941
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
(803) 875-1925  telephone
(803) 790-8841  facsimile
eferguson@gaffneylewis.com

*Attorney for Plaintiff*

June 20, 2022
Columbia, South Carolina