IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carnell Pinckney, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:22-1942-BHH |
| v. ) | |
| ) | **ORDER** |
| Preferred Home Services, LLC, and ) | |
| Gary Peterson,[1] ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Carnell Pinckney's ("Plaintiff" or "Pinckney") complaint alleging race, color, and/or national origin claims of discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. On July 26, 2022, Defendants Preferred Home Services, LLC ("Preferred") and Gary Petersen ("Petersen") (collectively, "Defendants") filed a motion for partial dismissal, seeking dismissal of Plaintiff's claims for (1) disparate treatment discrimination under Title VII and § 1981; (2) civil conspiracy; (3) negligent supervision; (4) outrage; (5) § 1981 claims related to national origin allegations; and (6) all Title VII claims against Petersen, pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). On August 13, 2021, the Magistrate Judge filed a report and recommendation ("Report"), outlining the issues and

---

[1] The caption identifies Defendant "Gary Peterson," but the correct spelling of his last name appears to be "Petersen." The Court will refer to him as "Petersen" in the remainder of this order.

recommending that the Court grant Defendant's motion for partial dismissal but also recommending that the Court grant Plaintiff the opportunity to amend his complaint. Plaintiff filed objections to the Magistrate Judge's Report, Defendant filed a reply, and the matter is ripe for review.

## BACKGROUND

Plaintiff filed this action on June 20, 2022, alleging that he is a black American who identifies as Gullah-Geeche, which is a recognized group of people who are descendants of Africans. (ECF No. 1 ¶ 12.) Plaintiff asserts that Defendant Preferred hired him in or around November of 2017 as a plumbing technician. (*Id.* ¶ 13.) According to Plaintiff, in or around December of 2019, Defendant Petersen became his direct supervisor, and Petersen "would constantly ridicule and berate Plaintiff due to Plaintiff's race and national origin," and "would mock Plaintiff's accent and purposefully mispronounce Plaintiff's name in an effort to demean and embarrass Plaintiff." (*Id.* ¶¶ 15-16.) Plaintiff asserts that his complaints about Petersen's behavior were not addressed by Preferred, and that instead, Petersen retaliated against Plaintiff as a result of his complaints by "assigning Plaintiff to 'low-value' service calls in an effort to cause Plaintiff's sales numbers to be reduced." (*Id.* ¶¶ 18-19.) Plaintiff asserts that Petersen "also began a campaign of only assigning Plaintiff to black clients or addresses where a majority of the residents were black or non-white." (*Id.* ¶ 20.) In addition, Plaintiff asserts that Defendants failed to approve Plaintiff's requests to participate in employer-sponsored training courses, placed him on performance improvement plans, and failed to utilize Preferred's progressive discipline policy. (*Id.* ¶¶ 21, 22, and 23.) Plaintiff asserts that he was terminated on March 25, 2021, but that Defendants' stated reason for termination was a pretext for discrimination. Plaintiff's

complaint includes the following causes of action: (1) Title VII discrimination based on race/color/national origin; (2) retaliation in violation of Title VII; (3) hostile work environment in violation of Title VII; (4) discrimination in violation of 42 U.S.C. § 1981; (5) retaliation in violation of 42 U.S.C. § 1981; (6) hostile work environment in violation of 42 U.S.C. § 1981; (7) civil conspiracy; (8) negligent supervision; and (9) intentional infliction of emotional distress.

Defendants filed a motion for partial dismissal, seeking dismissal of the following claims: (1) disparate treatment discrimination under Title VII and § 1981; (2) civil conspiracy; (3) negligent supervision; (4) outrage; (5) § 1981 claims related to national origin allegations; and (6) all Title VII claims against Petersen, pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARDS OF REVIEW

**I.    The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility for making the final determination remains with the Court. *Mathews v. Weber*, 423 US. 261, 269 (1976). The Court reviews *de novo* those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**II.    Rule 12(b)(1)**

A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental

question of whether the Court has jurisdiction to adjudicate the matter before it. Fed. R. Civ. P. 12(b)(1). In determining whether subject matter jurisdiction exists, the Court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). The plaintiff bears the burden of proof on questions of subject matter jurisdiction. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

### III.     Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 678.

**DISCUSSION**

In her Report, the Magistrate Judge first considered Defendants' arguments as to Plaintiff's Title VII and § 1981 claims, noting at the outset that employees are not liable in their individual capacities for Title VII violations. Accordingly, the Magistrate Judge recommended that the Court dismiss with prejudice Plaintiff's Title VII claims against Defendant Petersen in his individual capacity. (ECF No. 12 at 5.)

Next, with respect to Plaintiff's § 1981 claims, the Magistrate Judge noted that the Supreme Court has held that § 1981 does not provide a cause of action for discrimination based solely on national origin. (*Id.* at 6 (citing *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987).) Thus, the Magistrate Judge recommended that the Court dismiss with prejudice Plaintiff's national origin claims that arise under § 1981.

The Magistrate Judge next outlined Plaintiff's disparate treatment claims (brought under both Title VII and § 1981) and ultimately agreed with Respondents that the allegations in Plaintiff's complaint are insufficient to state claims that rise above the speculative level. (*Id.* at 9.) The Magistrate Judge explained:

> Plaintiff alleges that he is black, satisfying the first element of his prima facie claim. [ ] Plaintiff further alleges that he was treated differently than employees outside of his protected class because those employees were not put on PIPs after engaging in similar conduct. [ ] However, Plaintiff provides no explanation regarding the conduct that led to his PIP, nor the "similar conduct" in which employees outside of his protected class engaged. Further, Plaintiff does not provide names or job titles of employees who engaged in such conduct, nor any other information from which the Court could draw an inference that such employees are actually similarly situated to or outside the protected class of Plaintiff. . . .
>
> Plaintiff then alleges that he was terminated because of his race, and that he was performing the functions of his employment in a manner that met his employer's expectations at the time he was terminated. [ ] Again, Plaintiff provides no factual support for these conclusory statements. For example,

> Plaintiff does not allege that he received satisfactory performance reviews or eluded discipline during the relevant period. Plaintiff similarly provides no factual allegations to support an inference that his termination was racially motivated. Plaintiff does not allege that Defendants commented on, or made implications about, his race, and nothing in the Complaint suggests that Defendants' purported conduct was racially motivated. [ ] Rather, Plaintiff summarily concludes that he was discriminated against on account of his race.

(*Id.* at 9-10 (citations omitted).) Based on this explanation, the Magistrate Judge recommended that the Court dismiss Plaintiff's disparate treatment claims.

Next, the Magistrate Judge considered whether the South Carolina Workers' Compensation Act ("SCWCA") bars Plaintiff's state law claims for negligent supervision and intentional infliction of emotional distress. The Magistrate Judge noted that South Carolina courts have consistently found that negligent supervision claims are covered by the SCWCA, and that the South Carolina Supreme Court has specifically held that intentional-infliction-of-emotional-distress claims arising out of employment are subject to and barred by the SCWCA. (*Id.* at 12 (citing cases).) Also, the Magistrate Judge determined that the intentional injury exception does not apply here because Plaintiff's complaint does not sufficiently allege "conscious and deliberate intent directed to the purpose of inflicting an injury." (*Id.* at 13.)

With respect to Plaintiff's civil conspiracy claim, the Magistrate Judge agreed with Defendants that Plaintiff's complaint fails to state a plausible claim for relief because Plaintiff's civil conspiracy claim is premised upon the same actions underlying his other claims. (*Id.* at 16.)

In summary, the Magistrate Judge recommended that the Court grant Defendants' motion for partial dismissal and dismiss the following: (1) Plaintiff's Title VII claims against

6

Defendant Petersen in his individual capacity; (2) Plaintiff's national origin discrimination, retaliation, and hostile work environment claims under § 1981; (3) Plaintiff's Title VII and § 1981 race-based disparate treatment discrimination claims; and (4) Plaintiff's state law claims for negligent supervision, intentional infliction of emotional distress, and civil conspiracy.  Nevertheless, the Magistrate Judge also explained that Plaintiff may be able to cure some of the deficiencies by providing further factual information, and she recommended that Plaintiff be given the opportunity to amend his complaint and be given ten days to file an amended complaint.

In his objections to the Magistrate Judge's Report, Plaintiff asserts that the Report "improperly attempts to make a determination at the pleadings stage as to *how* Plaintiff may prove discrimination (by way of direct evidence or by way of the *McDonnell Douglas* test) instead of making a determination of the *existence* of facts that, if true, state a plausible claim for relief.  (ECF No. 13 at 4.)  According to Plaintiff, his complaint as currently pleaded states plausible claims for discrimination, retaliation, and hostile work environment under both Title VII and § 1981.  However, Plaintiff also notes in a footnote that he does not contest that his Title VII claims against Petersen in his individual capacity are not cognizable.  Nevertheless, Plaintiff objects to the Report to the extent that it recommends dismissal of his § 1981 claims against either Defendant or his Title VII claims against Preferred.  (*Id.* at 4, n. 6.)  Plaintiff asserts that, contrary to the Magistrate Judge's findings, his allegations rise above the speculative level, and he points specifically to, *inter alia*, his claims that Defendants: mocked his Gullah-Geeche accent; mispronounced his name to embarrass him; only assigned Plaintiff to black clients; and precluded him from

attending employer-sponsored training courses.  Plaintiff also asserts that he is not required to provide names or job titles of comparators and that it is plausible that Defendants used PIP's as a disciplinary measure as an act of discrimination.  (*Id*. at 6-7.)  Plaintiff also contends that the Magistrate Judge is incorrect in her conclusion that the complaint does not allege that Defendants made comments about his race, noting certain specific allegations in his complaint.  Additionally, according to Plaintiff, the Magistrate Judge incorrectly stated that's complaint does not allege that he received satisfactory performance reviews or eluded discipline during the relevant period, noting that such is not required if he has presented evidence that raises a genuine issue of material fact as to whether race motivated the adverse employment action.  Plaintiff also contends that Gullah-Geeche is a race subject to protection under § 1981.

Next, as to the Magistrate Judge's treatment of his state law claims, Plaintiff objects to the Magistrate Judge's finding that Plaintiff's civil conspiracy claim is subject to dismissal because the complaint does not allege acts in furtherance of a conspiracy that are separate and independent from the wrongful acts that support his other claims.  Specifically, Plaintiff points to the allegations that he was assigned low-value calls and only assigned to black or non-white clients.  (*Id*. at 11.)  Plaintiff also asserts that the SCWCA does not bar his claims intentional infliction of emotional distress and negligent supervision.  Specifically, Plaintiff claims that Defendant Petersen *purposefully* mocked Plaintiff's accent and mispronounced his name, and Plaintiff asserts that his negligent supervision claim is based on Petersen's slanderous conduct and that the SCWCA does not preempt workplace defamation claims.  (*Id.* at 14.)  In all, Plaintiff asks that the Court deny Defendants' motion for partial dismissal, or, in the alternative, Plaintiff requests the opportunity to amend his

complaint to cure any deficiencies. (*Id.* at 15.)

After *de novo* review of the record in light of Plaintiff's objections, the Court first notes that Plaintiff has conceded that his Title VII claims against Petersen in his individual capacity are not cognizable. Accordingly, the Court finds these claims subject to dismissal with prejudice. Additionally, the Court notes that Plaintiff offers no objection to overcome the law that indicates that § 1981 does not cover "national origin" claims. *See St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987). Therefore, the Court agrees with the Magistrate Judge that Plaintiff's claims of *national origin* discrimination, retaliation, and hostile work environment under § 1981 are subject to dismissal with prejudice.

Next, the Court also agrees with the Magistrate Judge that Plaintiff's complaint (at least as currently pleaded) fails to allege plausible state law claims for negligent supervision, intentional infliction of emotional distress, and civil conspiracy. First, the Court agrees with the Magistrate Judge that the SCWCA preempts Plaintiff's claims for negligent supervision and intentional infliction of emotional distress. *See Dickert v. Met. Life Ins. Co.*, 311 S.C. 218, 219-20, 428 S.E.2d 700, 701 (1993); *Loges v. Mack Trucks, Inc.*, 308 S.C. 134, 417 S.E.2d 541 (1992). Furthermore, Plaintiff's complaint does not include facts to plausibly show that the intentional act exception to the SCWCA applies to these claims. Moreover, the Court agrees with the Magistrate Judge that Plaintiff's complaint fails to state a plausible civil conspiracy claim, not only for the reasons set forth by the Magistrate Judge, but also because the SCWCA preempts the claim and because Plaintiff's complaint impermissibly pleads an intra-corporate conspiracy.

As to Plaintiff's disparate treatment claims under Title VII and § 1981, however, the Court tends to agree with Plaintiff that the Magistrate Judge perhaps held Plaintiff to too

high of a standard at the motion to dismiss stage with respect to some of his factual allegations. Nevertheless, the Court fully agrees with the Magistrate Judge that Plaintiff may be able to cure some of the possible deficiencies identified in the Report and herein by amending his complaint, and the Court finds that it is appropriate under the circumstances to permit Plaintiff to do so. Accordingly, the Court declines to dismiss with prejudice Plaintiff's state law claims or his disparate treatment claims under Title VII and § 1981, and the Court instead grants Plaintiff fourteen days to file an amended complaint.

## **CONCLUSION**

Accordingly, for the reasons set forth above, the Court affirms the Magistrate Judge's Report (ECF No. 12) to the extent it is consistent with this order. The Court grants *in part* Defendants' motion for partial dismissal (ECF No. 7). Specifically, the Court dismisses *with prejudice* Plaintiff's Title VII claims against Defendant Petersen in his individual capacity and Plaintiff's § 1981 claims premised on national origin. However, the Court denies the remainder of Defendants' motion *without prejudice* and gives Plaintiff fourteen days to file an amended complaint.[2] Once Plaintiff files his amended complaint, Defendants may reassert any arguments for dismissal that the Court has denied without prejudice.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 7, 2023
Charleston, South Carolina

---

[2] The Court urges Plaintiff to carefully review the applicable law before filing an amended complaint and to keep in mind the matters discussed in the Magistrate Judge's Report and in this order.